Kurt Kanam

2103 Harrison #143

Olympia WA 98502

360 956 3742

RECEIVED
Mailroom
AUG 18 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

Case: 1:25-cv-02743
Assigned To : Friedrich, Dabney L.
Assign. Date : 8/18/2025
Description: Pro Se Gen. Civ. (F-DECK)

# IN THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Kurt Kanam

v

Office of John Sauer,

Solicitor General

of the United States Courts

Original Complaint for

Mandamus Relief and Declaratory

Judgment

## INTRODUCTION

This is an action to compel the Office of John Sauer, the Solicitor General of the United States to respond to the Plaintiff's petition for a confession of error (Attachment A)

This is also an action to declare that John Sauer's official oath of office requires that Mr Sauer comply with the rules of professional conduct and provide candor to the Supreme Court that the Government's

1

position in Kanam V Haaland/Burgum is not supported by an administrative record and is insubordinate to the President' memorandums and executive orders, and that the Government's attorney Benton Peterson and his supervisors are subject to pending reprimands for failure to provide candor and insubordination of Executive Orders. (Attachment B)

## PARTIES

Kurt Kanam is petitioning for a confession of error in Kanam V Burgun 24- 5003 and Kanam v Burgum 24-5121 (a motion for reconsideration and been sent and not yet docketed) per the Administrative Procedures Act.

The Office of John Sauer is obligated by the Administrative Procedures Act to respond the Plaintiff's petition, and by his oath of office and presidential appointment to provide candor to the United States Supreme Court in the form of a confession of error when he is aware of fraud upon the court.

## JURISDICTION AND VENUE

Jurisdiction of the Court is predicated upon 28 USC §§1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 USC §2201, the Declaratory Judgment Act; 5 USC §702, the Administrative Procedures Act; and 28 USC §1361, regarding an action to compel an officer of the United States to perform his or her duty. Venue is proper in this District under 28 USC §1391(e), because a substantial part of the events and omissions giving rise to the claim

occurred in this district, and because Defendants operate within this district.

## FACTS AND BACKGROUND

On April 18, 2025 Kurt Kanam petitioned the Defendant for an adjudicative decision, regarding a confession of error (Attachment A)

The Office of John Sauer is aware that in cases presently before the Supreme Court Kanam V Burgun 24- 5003 and Kanam v Burgum 24-5121 (a motion for reconsideration and been sent and not yet docketed) Assistant US Attorney Mr Benton Peterson and his supervisors have violated the document drafting handbook by defending an agency position without a final agency decision and without an administrative record.

The Office of John Sauer is also aware that government's position in Kanam V Burgun 24- 5003 and Kanam v Burgum 24 5121 (a motion for reconsideration and been sent and not yet docketed) that the concept that judicial branch recognition of an Indian tribe having been removed by "Express Policy" is patently false and insubordinate to the President Memorandums, see petition for reprimand (Attachment B)

The Office of John Sauer is also aware that he was appointed to support and enforce Presidential Orders and Memorandums and uphold the Acts of Congress including the Administrative procedures Act and the List Act and the rules of professional conduct.

The Office of John Sauer is also aware his oath of office and the Rules of Professional Conduct requires that he provide candor the court when he is aware of fraud upon the court and violations of Acts of Congress, insubordination of Presidential orders and false statements made to the court.

The Office of John Sauer is also aware his oath of office and presidential appointment require compliance with the rules of professional conduct.

## FIRST CAUSE OF ACTION

Defendants' failure to adjudicate and approve Plaintiffs' petition constitutes an unreasonable failure to act in violation of the Administrative Procedures Act and denies Plaintiffs due process and equal protection of the laws guaranteed by the Fifth Amendment of the United States Constitution.

## SECOND CAUSE OF ACTION

Defendants' refusal to adjudicate the petition violates the Administrative Procedures Act, and the Constitution. The Plaintiff has a clear right to the relief requested; Defendants have a clear duty pursuant to the Administrative Procedures Act to adjudicate Plaintiffs' petition; and there is no other adequate remedy available.

## REQUEST FOR RELIEF

The Plaintiffs request the Court to grant the following relief:

A. Order Defendant to adjudicate Plaintiffs' petition on or before 60 days from the filing of this complaint, or within a reasonable period of time determined by this Court.

B.   Declare that the Defendant has a duty to uphold the President's orders, Act of Congress and the Rules of Professional Conduct.

C.   Declare that the Defendant has a duty provide a confession of error the US Supreme Court in Kanam V Burgun 24- 5003 and Kanam v Burgum 24 5121 (a motion for reconsideration and been sent and not yet docketed) when the Defendant is aware of false/fraudulent and insubordinate statements being made to the court.

D.   Retain jurisdiction during the adjudication of the plaintiff's petition in order to ensure compliance with the Court's orders.

E.   Grant such other relief as the Court may deem just and proper.
DATED: August 7, 2025

_____

Kurt Kanam